Curia, per

Earle, J.
The question raised by the motion seems to have been directly decided in the assignees of Hull vs. Conolly (3 McC. G,) and indeed does not appear to have been then considered open for debate. In that case, as in this, the infant defendant lived with her mother, and although there was no proof that suitable maintenance was provided, yet Mr. Justice Nott held that it ought to be presumed, until the contrary be proved ; that the mother was the fittest judge of what was necessary in the article of clothing, and that the plaintiff ought to have inquired into the circumstances, and consulted the mother, before he suffered the debt to be contracted. On that ground, mainly, was the new trial granted. In Bainbridge vs. Pickering (Bl. Rep. 1325), which was a similar action against a female defendant, not of full age) living with her mother, who provided properly for her, Gould, J., said the child, in such case, cannot bind herself to a stranger for what might otherwise be allowed as necessaries ; and that no countenance should be given to such persons as enveigle young women into extravagancies, under the pretext of furnishing them with necessaries, without the previous consent of the parent. It was also held by Lord Kenyon, in Ford vs. Fothergill (1 Esp. Rep. 211), and by Ch. J. Best, in Cook vs. Denton (3 Car. and Pay. 114), and it would be of very mischievous consequence if the law were otherwise. The protection intended to be afforded to infants, against the improvidence natural to their inexperience, would be rendered ineffectual ; and the discretion and judgment of the parent, in prescribing what the child shall wear, would be wholly superseded. In the case before us, there is no room for presumption, for the proof is, that the defendant’s wife, for whom the goods were furnished, was suitably maintained by her mother, *with whom she lived. The goods, therefore, in a legal sense, were not necessaries, and she could not bind herself to pay for them.
The motion is granted :
the whole Court concurring.